# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES T. RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 06-cv-1668 |
| | ) | |
| BOARD OF PUBLIC EDUCATION OF | ) | |
| THE SCHOOL DISTRICT OF PITTSBURGH, | ) | |
| | ) | |
| Defendant. | | |

## MEMORANDUM ORDER OF COURT

Presently pending before the Court for disposition is the MOTION FOR RECONSIDERATION OF JUDGMENT GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, with brief in support, filed by Plaintiff, James T. Russell (*Document Nos. 37 and 38*) and the REPLY BRIEF filed by Defendant, Board of Public Education of The School District of Pittsburgh (*Document No. 40*).

Plaintiff asks the Court for reconsideration of the Memorandum Opinion and Order of Court entered October 21, 2008, in which the Court granted in part and denied in part the Motion for Summary Judgment filed by Defendants. The Court denied the motion as to Plaintiff's claims of retaliation brought under 42 U.S.C. § 1981, Title VII, the Pennsylvania Human Relations Act, and the Pittsburgh Code of Ordinances; and granted the motion as to Plaintiff's claims, either directly or indirectly, that his obesity, back problems, hand injury or psychological issues were caused by Defendant's alleged discrimination and/or retaliation. As a result, the Court also ruled that Plaintiff was not entitled to claim as damages lost wages or equitable relief for any period subsequent to November 21, 2005, the date of his disability determination.

Plaintiff argues that the Court applied an overly restrictive causation standard and "overlooked or failed to credit evidence from which a jury could find that" Plaintiff's disability - in particular his depression and anxiety - was related to the alleged discrimination he endured.

These arguments do not meet the high standard required to justify reconsideration. Generally, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986). Plaintiff has pointed to no intervening change in controlling law, new evidence, a clear error of law, or manifest injustice. Rather, Plaintiff simply disagrees with the Court's rejection of his argument that his disability would not have occurred but-for his employer's actions.

Plaintiff's contention that the Court did not consider record evidence which showed that Plaintiff's subsequent disability was related to the alleged discrimination he endured is without merit. As the Memorandum Opinion reflects, the Court carefully considered all of the filings in support and in opposition to the motion for summary judgment. After a careful consideration of the filings, the Court found that the record evidence demonstrated that Plaintiff sustained an injury to his hand and wrist on March 14, 2003 and that nothing in the record reflected that this physical injury was caused by PBE's alleged discrimination and/or retaliation. The Court also noted that Plaintiff was found to be disabled by an Administrative Law Judge because of severe obesity and nothing in the record reflected that his obesity was caused by PBE's alleged discrimination and/or retaliation. Likewise, the Court found that no record

evidence supported Plaintiff's argument that his depression and anxiety were caused by Fadzen's alleged continued harassment and retaliation. The summary judgment record reflected that Plaintiff testified during the SSA hearing that "the job itself you have depression and anxiety on, but it just got worse and worse and worse and worse."

Plaintiff continues to advance the same arguments that he made in response to the motion for summary judgment. Said arguments were previously given due consideration, but not credited by this Court. Motions for reconsideration are not designed to provide litigants with a second bite at the apple. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). Therefore, the Court finds that the arguments raised in the instant motion do not warrant further analytical discussion.

Fatal to the pending motion, nothing new has been supplemented to the record by the Motion for Reconsideration.

**AND NOW**, this 21st day of November, 2008, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that the MOTION FOR RECONSIDERATION OF JUDGMENT GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT filed by Plaintiff is hereby **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Edward J. Feinstein, Esquire
Stember Feinstein Doyle & Payne, LLC
Email: efeinstein@stemberfeinstein.com

Janice M. Pintar, Esquire
Stember Feinstein Doyle & Payne, LLC
Email: jpintar@stemberfeinstein.com

Brian P. Gabriel, Esquire
Campbell Durrant Beatty Palombo & Miller, P.C.
Email: bgabriel@cdblaw.com