IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES T. RUSSELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOARD OF PUBLIC EDUCATION OF THE SCHOOL DISTRICT OF PITTSBURGH,<br><br>　　　　Defendant. | CIVIL ACTION<br><br>Case No. 06-1668<br><br>Hon. Terrence F. McVerry |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION *IN LIMINE* 2:**
**OFFSET TO BACK PAY**

Plaintiff, James T. Russell, files the following brief in support of his Motion *in Limine* 2, regarding whether an offset to any award of back pay should be permitted on the basis of workers' compensation benefits received by Plaintiff.

**BACKGROUND**

Plaintiff seeks back pay from the Board of Public Education of the School District of Pittsburgh ("School District") for the period from March 2003 through November 2005.[1] During this time period, Russell sustained on-the-job injuries which resulted in damage to his back, wrist and hand. He received workers' compensation payments related to these injuries. As of November 21, 2005, Russell was no longer capable of continuing to work due to his physical injuries, as well as his continuing anxiety and depression related to the promotion denial.

---

[1] Plaintiff limits his back pay request to the time period between March 2003 through November 2005 on account of this Court's Memorandum Opinion and Order of Court dated October 21, 2008, and Memorandum Order of Court dated November 21, 2008 denying him any back pay after November 21, 2005. [Dkt. 36, 41].

**ARGUMENT**

Back pay is "the presumptive remedy" for unlawful employment discrimination under Title VII. Craig v. Y.Y. Snacks Inc., 721 F.2d 77, 85 (3d Cir. 1983). Moreover, it is a remedy that the Court of Appeals for the Third Circuit has sought consistently to protect and to make available to civil rights plaintiffs through its restrictions on district courts' ability to deduct collateral benefits from back pay awards. See Craig, 721 F.2d at 85 (holding unemployment benefits not deductible under Title VII); McDowell v. Avtex Fibers, Inc., 740 F.2d 214, 215-17 (3d Cir.1984), vacated and remanded on other grounds, 105 S.Ct. 1159, 84 L.Ed.2d 312 (1985) (holding pension benefits not deductible under ADEA); Maxfield v. Sinclair International, 766 F.2d 788, 794-795 (3d Cir. 1986) (holding social security benefits not deductible under Title VII). While the Court of Appeals for the Third Circuit has not specifically addressed whether it is within a district court's discretion to deduct workers' compensation benefits from back pay awards under Title VII, both the logic of existing Third Circuit case law and the guidance of the Sixth and Eighth Circuit Courts of Appeal indicate that workers' compensation benefits should not be withheld from back pay pursuant to 42 U.S.C. § 2000e-5(g), which states only that: "[i]nterim earnings or amounts earned with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable."

In construing the damages provision of Title VII, 42 U.S.C. § 2000e-5(g), in the context of whether unemployment compensation benefits could be deducted from back pay, the Third Circuit Court of Appeals noted that the statute only requires the deduction of "interim earnings" and amounts earnable with reasonable diligence, and stated: "If Congress intended other deductions, it could have so provided. Its failure to do so must be given some effect by the courts." Craig, 721 F.2d at 82. The Craig panel then went on to reason that permitting the

deduction of unemployment benefits would undercut Title VII's purpose of ending discrimination to the extent that the back pay award is reduced. Id, at 84.  The Craig panel also relied on Title VII's purpose of compensating injured workers in a "make whole" fashion when it prohibited the unemployment benefits deduction.  Id. at 84.  It recited with approval the Fourth Circuit's reasoning that"[a]wards of back pay under Title VII should not be affected by a system of compensation which is designed to serve a wholly independent social policy.  To decide otherwise would undercut to some degree the corrective force of a Title VII back pay award."  Id., citing EEOC v. Ford Motor Co., 645 F.2d 183, 196 (4th Cir.1981).

      The Third Circuit in Craig also relied in part on the collateral source rule, which generally holds that collateral benefits, such as those created by social benefits legislation, may not be used by a tortfeasor to off-set damages awards.  Craig, 721 F.2d at 84.  See Maxfield v. Sinclair International, 766 F.2d 788, 793-94 (3d Cir. 1985) ("Under the collateral source rule payments under Social Security, welfare programs, unemployment compensation and similar programs have all been treated as collateral benefits which would not ordinarily be set off against damages awarded."); Restatement 2d of Torts § 920A(2) cmt. C (1979) (stating collateral source rule applies to, e.g., workers compensation, unemployment compensation, social security benefits, and welfare payments).

      Although Craig's rationale was developed in the context of discussions about unemployment compensation pay, it is no less applicable to workers' compensation payments. See Thurman v. Yellow Freight Systems, Inc., 90 F.3d 1160, 1171 (6th Cir. 1996) (holding workers compensation payments not deductible from back pay; Moysis v. DTG Datanet, 278 F.3d 819, 828 (8th Cir. 2002) (same); cf. Mason v. Assoc. for Indep. Growth, 817 F.Supp. 550, 556 (1993) (holding workers' compensation may be deducted).  Echoing Craig, both the Sixth

Circuit and the Eighth Circuit have stated that deducting workers' compensation from back pay undercuts the deterrence power of a Title VII back pay award. Thurman, 90 F.3d at 1171; Moysis, 278 F.3d at 828. Deducting workers' compensation payments from back pay awards may also defeat the "make whole" purpose of Title VII to the extent that a plaintiff has collateral losses associated with his or her on-the-job injuries that are not also factored into the back pay calculation (e.g., increased transportation costs). See Maxfield, 766 F.2d at 795 ("Since no consideration has been given or should be given to collateral losses in framing an order to reimburse employees for their lost earnings, manifestly no consideration need be given to collateral benefits which employees may have received.").

In addition, workers' compensation benefits – like unemployment, social security and pension benefits – are intended to serve a social policy wholly distinct from that of Title VII. Specifically, workers' compensation benefits are the benefit of an historic social bargain in which employees gave up their right to sue employers for tortious injuries suffered on the job. See e.g., Kuhn v. Oehme Carrier Corp., 63 Pa. D. & C.4th 490, *502 (Pa. Com. Pl. Aug. 28, 2003) (noting "employee's common-law right to damages suffered within the course and scope of his or her employment are surrendered in exchange for the statutorily provided right for the employee to recover for injuries that occur on the job.")

Moreover, although the structure of workers' compensation benefits is somewhat different from that of unemployment benefits or social security benefits, the benefits are still fundamentally similar. The systems contain some superficial differences in structure, because workers' compensation benefits may be obtained either through a state insurance fund or private insurance, and because workers are not required to pay into the system. However, the benefit systems are similar in substance, because all employers must pay into the system and the benefits

to workers are not limited to the amounts paid into the system by their employers. Thus the benefits are still fundamentally collateral.

All of these reasons militate in favor of a finding that workers' compensation benefits should not be permitted as an off-set to back pay. However, even if this Court determines that it is within the Court's discretion to deduct workers' compensation payments from any back pay award to Russell, no such deduction should be made in this case because it would decrease, and possibly eliminate altogether, Russell's back pay award. If Plaintiff establishes liability, it would be contrary to the purposes of Title VII to permit a deduction for workers' compensation payments in this case, if in so doing the court would effectively deny Plaintiff a remedy.

Finally, should the Court find that a set-off is permissible, it is well established within the Third Circuit that the defendant bears the burden of proving any set-offs to damages. See Rodriquez v. Taylor, 569 F.2d 1231, 1243 (3d Cir. 1977) (stating burden is on defendant on the issue of any set-offs to damages), cert denied, 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed. 2d 414 (1978). To the extent that defendant cannot prove the portion of workers' compensation payments constituting payment for lost "earnings," as opposed to payment for medical expenses and specific losses, no deduction should be permitted.

## CONCLUSION

Plaintiff's back pay award should not be offset by his workers' compensation amounts during this period.

Respectfully submitted,

Dated:  January 15, 2009

s/ Edward J. Feinstein
Edward J. Feinstein (PA ID No. 29718)
efeinstein@stemberfeinstein.com
Maureen Davidson-Welling (PA ID No. 206751)
mdavidsonwelling@stemberfeinstein.com
STEMBER FEINSTEIN DOYLE &
     PAYNE, LLC
Allegheny Building, 17th floor
429 Forbes Avenue
Pittsburgh, PA  15219
(412) 338-1445 Tel.
*Attorneys for Plaintiff, James T. Russell*