# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES T. RUSSELL,   )<br>  )<br>    Plaintiff,   )<br>  )<br>   v.   )<br>  )<br>BOARD OF PUBLIC EDUCATION OF   )<br>THE SCHOOL DISTRICT OF   )<br>PITTSBURGH,   )<br>  )<br>    Defendant.   ) | 02: 06-cv-01668 |

## MEMORANDUM ORDER OF COURT

Presently before the Court are the following Motions in Limine filed by Defendant:

(1) DEFENDANT'S MOTION IN LIMINE NO. 1: EXCLUSION OF OTHER CLAIMS AND SETTLEMENTS, with brief in support (*Document Nos. 48 and 51*), and the response in opposition filed by Plaintiff (*Document No. 73*) ;

(2) DEFENDANT'S MOTION IN LIMINE NO. 3: EXCLUSION OF SETTLEMENT FORMALITIES AND DISMISSINAL ORDER OF PRIOR LAWSUIT AS EVIDENCE OF RETALIATORY TIMING, with brief in support *(Document Nos. 57 and 59)*, and the response in opposition filed by Plaintiff *(Document No. 75)*; and

(3) DEFEENDANT'S MOTION IN LIMINE NO. 4: EXCLUSION OF TESTIMONY FROM DR. HADDAD, LLOYD RUSSELL, AND OTHER EVIDENCE RELATING TO PLAINTIFF'S DISABILITY, with brief in support *(Document Nos. 60 and 61)*, and the response in opposition filed by Plaintiff *(Document No. 76)*.

The motions will be addressed seriatim.

**DEFENDANT'S MOTION IN LIMINE NO. 1:**
**Exclusion of Other Claims and Settlements (*Document No. 48*)**

Defendant seeks to preclude the introduction of evidence relating to twelve other claims and settlement agreements involving discriminatory allegations against Chief Fadzen in which the Plaintiff was neither a named party nor a participant. (D's Mot. at 1.) Defendant argues that there is no foundational evidence for the introduction of these documents for intent or a pattern of conduct since none of the other claims involve a situation where the complainant applied for a promotion and was unjustly denied the promotion or even had the opportunity to apply for a promotion. (*Id.* at 2). Additionally, Defendant argues the introduction of this evidence will allow the jury to make an improper character conclusion based on highly prejudicial prior claims against Chief Fadzen. (*Id.*)

Plaintiff responds that the evidence will not be introduced to show the propensity of the Defendant to commit bad acts, but merely as evidence of intent. For example, Plaintiff wishes to argue that Chief Fadzen was angry about the complaints and perceived his career and reputation at risk, which gave him a motive to retaliate against Russell. (Pl's Resp. at 4.) In addition, Plaintiff is willing to stipulate with regard to the settlements and amounts and exclude documentary evidence at trial. (Pl's Resp. at 9.)

The Court agrees with the Plaintiff that this evidence is probative and logically relevant on the issue of intent and motive only. However, on the other hand, the evidence at issue is highly prejudicial to the Defendant. Specific allegations of discrimination from other claims and settlements, such as evidence that Chief Fadzen used racial slurs against another employee, is not relevant to the matters at issue in this lawsuit and would undoubtedly cause the jury to make improper character conclusions.

Therefore, the Court concludes that with the proper foundation, the Plaintiff will be permitted to introduce the following evidence (preferably by stipulation) for the purpose of intent and motive only:

- Between the years 1998 and 2000, thirteen individuals, including the Plaintiff, filed administrative charges or lawsuits against the School District which alleged that Chief Fadzen had discriminated against them in one way or another.
- In 1998, Chief Fadzen was suspended by the School District for a period of four to six months, as a result of these claims and allegations of discrimination.
- All of these individuals, including the Plaintiff, reached a monetary settlement of their claims with the School District in the Spring of 2002.

Plaintiff will be precluded from introducing any documentary evidence of the referenced claims and settlements, the amounts of the settlements, and any other details of those claims and settlements apart from the facts set forth above. Accordingly, the request by Defendant to exclude evidence of other claims and settlements is **GRANTED IN PART** and **DENIED IN PART.**

**DEFENDANT'S MOTION IN LIMINE NO. 3:**
**Exclusion of Settlement Formalities and Dismissal Order of Prior Lawsuit as Evidence Retaliatory Timing (*Document No. 57*)**

Defendant seeks to exclude dates of the "entry of the dismissal order [by the District Court] and the sign off by a District representative" (September 17, 2002, and October 9, 2002, respectively). (D's Mot. at 2.) Defendant argues that there is no authority for these activities to be treated as "protected activities" but concedes that the date the PBE approved Plaintiff's settlement (April 24, 2002) and the date Plaintiff signed the Release Document (August 21,

2002) are protected activities. (D's Br. at 2.) Plaintiff responds that all four dates at issue are "protected activities" since these dates are "relevant to demonstrating retaliatory timing." (Pl's Resp. at 3.)

The Court agrees with the Defendant. It is not disputed that the date PBE approved Plaintiff's settlement and the date Plaintiff signed the Release Document are "protected activities." Unlike the other dates in question, these dates involve direct action by the parties either through negotiation or approval of the settlement. The entry of the Dismissal Order by the Court and the sign off by the District Representative were both mere formalities in the settlement process and do not relate to retaliatory timing since both parties had officially agreed to the settlement prior to these dates and neither party has any control over the date of a Court dismissal order.

Accordingly, this Motion in Limine is **GRANTED** and the Plaintiff is precluded from introducing evidence of the dates of the entry of the dismissal order by the District Court (September 17, 2002) and the sign off by a District representative (October 9, 2002) as "protected activities."

**DEFENDANT'S MOTION IN LIMINE NO. 4**
**Exclusion of Testimony From Dr. Haddad, Lloyd Russell, and Other Evidence Relating to Plaintiff's Disability (*Document No. 60*)**

Defendant seeks to preclude the testimony of Dr. Haddad, Lloyd Russell, and "any other testimony or evidence that relates directly or indirectly to Russell's disability or matters other than the promotion decision." (D's Mot. at 3-4.) Defendant argues that Plaintiff should be precluded from offering expert causation opinion from Dr. Haddad since Plaintiff failed to identify or disclose him as an expert witness. *Id.* at 1. In addition, Defendant seeks to exclude

the factual testimony of Dr. Haddad entirely since his testimony would be related to the "alleged impact (psychological or otherwise) of other alleged acts" and, therefore, is irrelevant and prejudicial. *Id.* at 2. Defendant also believes that the testimony of Dr. Haddad and Lloyd Russell both "improperly merge evidence relating to Russell's disability." *Id.* at 3. Furthermore, Defendant argues that Lloyd Russell cannot testify to Plaintiff's condition or psychological state since he is not qualified to do so. (D's Mot. at 3.)

Plaintiff responds that Dr. Haddad is a fact witness and Plaintiff properly disclosed Dr. Haddad pursuant to Rule 26(a)(1). (P's Resp. at 4.) Alternatively, Plaintiff argues that this testimony is critical to Plaintiff's case and should not be excluded since Defendant was aware of the opinions of Dr. Haddad and knew that Plaintiff wanted to call him as a witness. *Id.* at 7. In addition, Plaintiff responds that Lloyd Russell will not testify to the psychological condition of Plaintiff, but merely his personal observations. *Id.* at 8.

The Court is not persuaded by Plaintiff's arguments. The opinions of Dr. Haddad regarding the causation of Plaintiff's psychological symptoms are clearly expert testimony. Plaintiff failed to properly disclose Dr. Haddad as an expert witness; therefore, any causation testimony proposed to be offered by Dr. Haddad will be excluded. However, Plaintiff will be permitted to call Dr. Haddad as a fact witness to describe Plaintiff's course of treatment until November 21, 2005, the date that Plaintiff was found to be disabled.

The Court agrees with Defendant that Lloyd Russell may not testify as to the cause of Plaintiff's condition or psychological state because as a lay witness he is not qualified to do so. The testimony of Lloyd Russell could be relevant to show the changes he observed in Plaintiff. Therefore, Plaintiff will be permitted to call Lloyd Russell as a witness, but his testimony will be limited to observations of day-to-day activities of Plaintiff that Lloyd Russell was personally

aware of or personally observed from the time period up until November 21, 2005, the date Plaintiff was found to be disabled.

In addition, the Court agrees with the concerns of Defendant that the proffered testimony of Dr. Haddad and Lloyd Russell "improperly merges evidence relating to Russell's disability" and cautions counsel for Plaintiff against the introduction of any testimony discussing or relating to Plaintiff's disability (D's Mot. at 3.) Accordingly, this Motion in Limine is **GRANTED IN PART** and **DENIED IN PART** as explained above.

So **ORDERED** this 11th day of March, 2009.

BY THE COURT:

s/Terrence F. McVerry
United States District Court

cc:	Edward J. Feinstein, Esquire
Stember Feinstein Doyle & Payne, LLC
Email: efeinstein@stemberfeinstein.com

Janice M. Pintar, Esquire
Stember Feinstein Doyle & Payne, LLC
Email: jpintar@stemberfeinstein.com

Maureen Davidson-Welling, Esquire
Stember Feinstein Doyle & Payne, LLC
Email: mdavidsonwelling@stemberfeinstein.com

Brian P. Gabriel, Esquire
Campbell Durrant Beatty Palombo & Miller, P.C.
Email: bgabriel@cdblaw.com