# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES T. RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 06-cv-01668 |
| | ) | |
| BOARD OF PUBLIC EDUCATION OF | ) | |
| THE SCHOOL DISTRICT OF | ) | |
| PITTSBURGH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER OF COURT

Presently before the Court are the following Motions in Limine:

(1)     PLAINTIFF'S MOTION IN LIMINE 1: CALCULATION OF BACK PAY, with brief in support (*Document Nos. 46 and 47*), and the Reply and brief filed by Defendant (*Document Nos. 65 and 66)*;

(2)     PLAINTIFF'S MOTION IN LIMINE 2: OFFSET TO BACK PAY, with brief in support *(Document Nos. 49 and 50)*, and the Reply and brief filed by Defendant *(Document Nos. 67 and 68)*; and

(3)     DEFENDANT'S MOTION IN LIMINE NO. 2: EXCLUSION OF IMPROPER EVIDENCE OF ECONOMIC/WAGE LOSS, with brief in support *(Document Nos. 53 and 55)*, and the Response filed by the Plaintiff *(Document No. 74)*.

The Court will address the Motions in combination, as they may all be addressed through the Court's determination of the Plaintiff's back pay award, if any.

1

## I. CALCULATION OF PLAINTIFF'S PROSPECTIVE BACK PAY AWARD

### A. Whether Garrett's Supplemental Income through "Moonlighting" should be considered.

Plaintiff argues that an appropriate calculation of his back pay "should be calculated as the difference between Joseph Garrett's base salary and his extra income earned through 'moonlighting' (i.e., his second job) and Plaintiff's base salary plus the extra income he earned through overtime work." (Doc. 47 at 1.) Defendant argues that there is no foundation for the inclusion of Garrett's pay from "moonlighting" since there is no evidence to suggest that at any time during Plaintiff's employment with the School District he had outside employment. Also there is no evidence that the Plaintiff would have obtained outside employment if he had been promoted to Area Commander or the amount(s) he could or would have earned in any such speculative employment. (Doc. 66 at 2.)

The Court finds Plaintiff's argument to be without merit because it is based on the unsupported speculation that Plaintiff would secure outside employment if he had been promoted to Area Commander, since Area Commanders are not eligible for overtime wages. (Doc 46. at 1.) While the record reflects that Garrett supplemented his income through a second job at Presbyterian Hospital during his employment as Area Commander, Garrett also had a long history of "moonlighting" before his promotion to Area Commander. (Doc. 65 at 2.) It is not disputed that Plaintiff regularly worked overtime, but there is no evidence in the record to establish that Plaintiff would have outside employment if promoted to Area Commander or any evidence that Plaintiff previously sought or had such supplemental employment. It is purely speculative as to whether Plaintiff would have "moonlighting" employment, what that employment would be, and what amount(s) could have been earned therefrom.

There may be circumstances in which it would be appropriate for the Court to consider "moonlighting" income in the determination of back pay, as evidenced by the decision of the United States Court of Appeals for the Fifth Circuit in *Bing v. Roadway Express, Inc.,* 485 F.2d 441, 444 (5th Cir. 1973) (remanding to assess whether Plaintiff, who had a history of "moonlighting", would have "moonlighted" during the relevant layoff period). However, the case *sub judice* does not present the same factual scenario. Without evidence that Plaintiff would have secured outside employment or had a history of "moonlighting," this Court cannot adopt Plaintiff's first proposed model.

**B. Whether Plaintiff's Overtime Wages, during the relevant period, should be considered "interim" earnings and therefore deducted from Plaintiff's back pay award?**

Alternatively, Plaintiff suggests a second method of calculating Plaintiff's back pay award, if any: the back pay should be calculated as the difference between Garrett's base earnings and Plaintiff's base earnings, and not take into account Plaintiff's overtime pay. (Doc. 47 at 6.) Defendant argues that Plaintiff's overtime earnings are considered "interim" earnings and must be deducted from any back pay award to Plaintiff. (Doc. 66 at 3.)

There is clear precedent for the proposition that overtime compensation should not be deducted from a back pay award where the Plaintiff could have earned the compensation even if he had been promoted. *See Nordstrom v. National Labor Relations Board*, 984 F.2d 479 (D.C. Cir. 1993); *Welbern v. Hunt*, 929 F.2d 1341 (8th Cir. 1991); *Behlar v. Smith*, 719 F.2d 950 (8th Cir. 1983); *see also Floyd v. Mellon Bank, N.A.*, 1991 WL 30755 (E.D. Pa. Mar. 6, 1991) (excluding overtime from back pay where Plaintiff worked overtime in a subsequent job and could not be credited with any overtime at Mellon Bank).

3

In the present case, however, it is not disputed that had Plaintiff been promoted, he would not have been eligible for overtime compensation. Therefore, the Court concludes that Plaintiff's overtime compensation should be deducted from any potential back pay award and the Court rejects Plaintiff's proposed second formulation for back pay.

**C. Whether monies received by Plaintiff in the form of Workers' Compensation during the relevant period should offset Plaintiff's back pay award?**

Plaintiff contends that workers' compensation payments which he received during the relevant period should not offset any award of back pay because these payments are from a "collateral source." (Doc. 50 at 3.) Defendant argues that the collateral source doctrine is not applicable under these circumstances because the workers' compensation payments received by Plaintiff were based on Plaintiff's wages and were paid directly from a School District monetary fund. (Doc. 68 at 3.)

When a plaintiff receives payment for his or her loss from a collateral source, the payment does not reduce plaintiff's award for the defendant's liability for all damages resulting from its wrongful or negligent act. *Craig v. Y & Y Snacks, Inc.*, 721 F.2d 77, 83 (3rd Cir. 1983) (citing Restatement (Second) of Torts § 920A(2) (1979)). Under the collateral benefit rule, unemployment compensation, Social Security, welfare program payments or other such benefits have been found to be payments from collateral sources. *Craig*, 721 F.2d at 83.

Workers' compensation payments, on the other hand, are usually paid directly from the employer, not another source. Numerous courts have found that workers' compensation is not derived from a collateral source and, therefore, can offset a damages award. *McLean v. Runyon*, 222 F.3d 1150, 1156 (9th Cir. 2000); *Riffey v. K-VA-T Food Stores, Inc.*, 284 F. Supp.2d

4

386 (W.D. Va. 2003); *Mason v. Association for Independent Growth*, 817 F. Supp. 550, 557 (E.D. Pa. 1993). In this case, the Defendant paid the workers' compensation payments to Plaintiff directly from a School District fund and those payments were based upon Plaintiff's lost earnings. (Doc. 67, D's Exh. A.) Accordingly, the Court concludes that workers' compensation payments which Plaintiff received during the relevant period do not fall under the collateral benefit rule and must be deducted from any back pay which Plaintiff may be awarded.

## II. CONCLUSION

After a consideration of all the issues presented, the Court concludes that the calculation for Plaintiff's prospective back pay award for the relevant time period should be the difference between the amount Garrett received in Base Salary ($128,472.38) from the School District and the amounts Plaintiff received from the School District in Base Salary ($100,281.00) + Overtime Pay ($23,696.88) + Workers' Compensation payments ($20,583.10), which totals $144,560.98. Accordingly, this calculation reveals that Plaintiff received $16,088.60 more from the School District than Garret did in the relevant time period. Therefore, the Court finds and rules that Plaintiff is not entitled to any back pay award as his compensation from the School District for the relevant time period exceeded that which he would have been paid had he been promoted to Area Commander.[1]

Accordingly, PLAINTIFF'S MOTION IN LIMINE 1: CALCULATION OF BACK PAY and PLAINTIFF'S MOTION IN LIMINE 2: OFFSET TO BACK PAY are **DENIED** for the reasons stated above. DEFENDANT'S MOTION IN LIMINE NO. 2: EXCLUSION OF

---

[1] *See Mendoza v. City of New Orleans*, 2001 WL 1558313, *4 (E.D. La. Dec. 5, 2001) (where Plaintiffs' earnings plus overtime exceeded what could have been earned if promoted, no back pay award was necessary).

5

IMPROPER EVIDENCE OF ECONOMIC/WAGE LOSS is **GRANTED** for the reasons stated above.

So **ORDERED** this 11th day of March, 2009.

BY THE COURT:

s/Terrence F. McVerry, Judge
United States District Court


cc: Edward J. Feinstein, Esquire
Stember Feinstein Doyle & Payne, LLC
Email: efeinstein@stemberfeinstein.com

Janice M Pintar, Esquire
Stember Feinstein Doyle & Payne, LLC
Email: jpintar@stemberfeinstein.com

Maureen Davidson-Welling, Esquire
Stember Feinstein Doyle & Payne, LLC
Email: mdavidsonwelling@stemberfeinstein.com

Brian P. Gabriel, Esquire
Campbell Durrant Beatty Palombo & Miller, P.C.
Email: bgabriel@cdblaw.com