# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES T. RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 02: 06-cv-01668 |
| | ) |
| BOARD OF PUBLIC EDUCATION OF | ) |
| THE SCHOOL DISTRICT OF | ) |
| PITTSBURGH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER OF COURT

Presently before the Court is the MOTION IN LIMINE 6: EXCLUSION OF EVIDENCE REGARDING THE QUALIFICATIONS OF JOSEPH GARRETT NOT KNOWN BY THE DECISION-MAKER AT THE TIME OF THE PROMOTION DECISION, with brief in support, filed by Plaintiff, James T. Russell (Document Nos. 101 and 102), and the RESPONSE in opposition filed by Defendant, Board of Public Education of the School District of Pittsburgh (Document No. 110). For the reasons that follow, the Motion will be **GRANTED IN PART AND DENIED IN PART.**

Defendant has designated deposition testimony of Joseph Garrett, which includes information regarding his background and experience in response to questions by Plaintiff's counsel. Plaintiff argues that Chief Fadzen should not be allowed to testify to facts about Joseph Garrett's background which he learned about through the course of litigation and did not know at the time he made his employment decision. Defendant agrees that Garrett's background information or qualifications which were not known or relied upon by Chief Fadzen in his assessment and recommendation are not relevant to establish the reasons for his

recommendation. However, Defendant points out that Chief Fadzen was not questioned during his deposition on what he knew of Garrett's background. The School District represents that it will not seek to introduce through Chief Fadzen evidence regarding Joseph Garrett's qualifications and awards to the extent that Chief Fadzen did not know or rely on same for purposes of demonstrating the basis for his promotion recommendation.

Accordingly, it is hereby **ORDERED** as follows: to the extent that those portions of Joseph Garrett's deposition that reflect information about Joseph Garrett's background and qualifications that were not contained in his employee file or otherwise were unknown to Chief Fadzen will not be permitted to be read to the jury.

However, Chief Fadzen will be permitted to testify as to other matters relating to Joseph Garrett's background if he had knowledge of those aspects of his background prior to making his promotion decision.

Plaintiff also requests the Court to enter a spoliation sanction against the School District for its failure to preserve the "slip of paper" which Garrett referred to in his deposition. This request is denied. As Defendant responded in its discovery responses, Defendant is unsure what document Garrett was referring to in his deposition. Defendant states that if it was a transfer request form, such form may have been discarded since it was not necessary. Further, it appears that Defendant has made multiple attempts to locate the "slip of paper," all to no avail. Under these circumstances, the Court will deny Plaintiff's request for a spoliation sanction.

So **ORDERED** this 2nd day of April, 2009.

BY THE COURT:

s/Terrence F. McVerry
United States District Court

cc:     Edward J. Feinstein, Esquire
Stember Feinstein Doyle & Payne, LLC
Email: efeinstein@stemberfeinstein.com

Janice M. Pintar, Esquire
Stember Feinstein Doyle & Payne, LLC
Email: jpintar@stemberfeinstein.com

Maureen Davidson-Welling, Esquire
Stember Feinstein Doyle & Payne, LLC
Email: mdavidsonwelling@stemberfeinstein.com

Timothy P. O'Brien, Esquire
Email: tob@icubed.com

Brian P. Gabriel, Esquire
Campbell Durrant Beatty Palombo & Miller, P.C.
Email: bgabriel@cdblaw.com